## H. G. SCOVEL *vs.* CHARLES C. ABSTEN.

### October Term, 1872.

PRACTICE—EFFECT OF PRO CONFESSO.—Upon bills against non-residents, without attachment of property, and without personal service of process, if the defendant fail to appear, the complainant must, in addition to taking the bill for confessed, prove his case, as if the allegations of the bill had been put in issue by answer not sworn to.

DECREE IN SUCH CASE.—Such a decree is not absolute for three years from the decree, unless a copy of the decree is served upon the defendant, which service, it seems, may be made in another state.

SAME.—Before the execution of such a decree, the court may require the complainant to give security to abide by and perform such order touching the restitution of the property, or repayment of the money as the court may make.

*J. H. Shankland,* for complainant.

THE CHANCELLOR :—The bill is filed against the defendant as a non-resident of this state, to enforce a vendor's lien, reserved on the face of the deed, to the extent of part of the last note given for the purchase-money. Publication seems to have been made according to law, and the bill taken for confessed at the rules, and set for hearing, without proof.

The deed under which the complainant claims the lien is made an exhibit to the bill, but the note sued upon is not, nor is it filed as evidence.

By the Code, § 4371, it is provided that: "Whenever an order *pro confesso* is lawfully had, the allegations in the bill are to be taken as admitted, except," in certain cases named, and, among others, "in the case of bills, without attachment of property, against non-residents." By § 4373, in such a case, upon *pro confesso* order, "the complainant may proceed as if the allegations of his bill had been put in issue by answer not sworn to, with the right to set for hearing forthwith." And by § 4374, provision is made for taking the testimony of witnesses in such cases by interrogatories filed ten days beforehand, or by the usual notice of the time and place of taking entered on the Rule Docket.

In the case before us the allegations of the bill are not to be taken as admitted by the *pro confesso*, because the case falls within the excepted classes under § 4371. The complainant was at liberty to proceed under § 4373, as if the allegations of the bill had been put in issue by answer not sworn to. The effect of this is to require only one witness, or equivalent evidence, to sustain the bill. The material allegation in this bill is the existence of an outstanding note for the purchase-money in the hands of the complainant, and this must be shown to entitle the complainant to his decree. The deed is evidence of the contract, but not of the fact that any of the purchase-money remained unpaid, nor who is entitled thereto.

The omission, I presume, can be readily supplied, and the case is a proper one to justify me in calling the attention of the bar to some of the provisions of the Code which have been suffered to fall into disuse, but which are very material to the protection of persons not served with process, and having no actual notice of a suit. Section 4379 is "in all other (than attachment) cases, a decree against a defendant without personal service of process, who does not appear to defend, is not absolute for three years from the decree, unless

a copy of the decree is served upon the defendant, in which case it becomes absolute if the defendant fails to come forward and make defence within six months after service."

This is a very salutary provision of law, because, while it protects the absent defendant, it enables the complainant to make his rights absolute within a limited period. The service of a copy of the decree may be made wherever the defendant can be found. All that the court requires is satisfactory evidence of such service. In a case involving some twenty thousand dollars in money, which was tied up in the Chancery Court at Columbia, upon the suggestion that there was a co-distributee entitled to it in the kingdom of Ireland, I filed a bill for the other claimants of the fund denying the legitimacy of the supposed co-distributee, and obtained a decree in favor of my clients, declaring him illegitimate, and this decree within eight months was made absolute by proof of the service of a copy of the decree on the defendant in Ireland. This was done while the Hon. S. D. Frierson was Chancellor, and met his entire approval. (See on question of notice out of jurisdiction, *Nolan* v. *Nolan*, 1 Molloy, 83.) There is no difficulty, therefore, in procuring an absolute decree in a reasonable time, nor is there any hardship in imposing terms upon a complainant to make it his interest to take the necessary steps for the purpose. These terms are regulated by the Code, § 4382. "It is no objection to the execution of a decree rendered against a defendant, that it was founded on a bill taken for confessed without personal service; but the court may require the complainant to give sufficient security, in such sum as the court deems proper, to abide by and perform such order touching the restitution of property, or repayment of money, as the court may make upon the defendant subsequently setting aside the decree, and successfully resisting the complainant's suit."

This admirable provision of the Code deserves to be borne in mind, and properly enforced by the courts. It would prevent what I fear is now too common, and a practical instance of which has been brought to my attention recently

in my official capacity, where advantage is taken of the temporary absence of a defendant, and upon a return of not to be found improvidently made, a decree has been taken and property sold at a great sacrifice, leaving the party without any redress. I propose to require security in all cases which fall within the law, before permitting a complainant to execute his decree, unless he makes it absolute, under § 4379.